UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL CASE NO. 04-11439-RWZ

FILED
IN CLERK'S OFFICE
2004 JUL -7 P 12:26
U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| HAMPTON PROPERTIES, LLC, successor to FRED A. KOZA,<br>  Plaintiff<br><br>vs.<br><br>ARA ERESIAN, JR., individually and as Trustee of the ERESIAN FAMILY TRUST NUMBER TWO, FOUR COURTLAND REALTY TRUST, NUMBER TEN BOURNE REALTY TRUST, NUMBER TWENTY GUILD REALTY TRUST, NUMBER TEN RIPLEY STREET TRUST, NUMBER TEN KING REALTY TRUST, and NUMBER FOURTEEN DUXBURY REALTY TRUST, and KING REALTY TRUST<br>  Defendants | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

## **VERIFIED MOTION OF HAMPTON PROPERTIES, LLC, TO REMAND**

Hampton Properties, LLC ("Hampton Properties") moves this Court to remand this case (Worcester Superior Court Action Number 89-1942; the "Collection Case") back to the Worcester Superior Court and to impose appropriate sanctions upon Attorney Adrian A. Gaucher, Jr., for filing a frivolous and vexatious notice of removal.

### ANCIENT HISTORY

The Collection Case was commenced in *1989* by Fred A. Koza, primarily to collect a promissory note signed by Defendant Ara Eresian, Jr. ("Eresian"). The case was resolved in 1990 via the execution of an agreement for judgment and stipulation of dismissal. A copy of the Agreement for Judgment is attached hereto as Exhibit 1. Pursuant to the foregoing pleadings, Eresian agreed that judgment could enter against him in the amount of $500,000.00. (the "$500,000.00 Judgment") The remaining claims asserted by the Plaintiff at that time were dismissed. Nothing further happened in the Collection Case until the Spring of 2002.

## HAMPTON PROPERTIES' ACQUISITION OF THE $500,000.00 JUDGMENT AND THE REACH AND APPLY ACTION

Eresian is in the "business" of acquiring dubious and tangential claims to real estate. These claims form the basis of litigation he initiates and then vexatiously pursues without regard to the merits, all for the purpose of extracting payment from innocent landowners. In late 2001, Eresian acquired the "interests" of one Richard Maki in certain real property located at 9 Watson Avenue in Worcester (the "Watson Avenue Property"). At that time, Hampton Properties was the owner of the Watson Avenue Property, having acquired same from the City of Worcester pursuant to an auction of City-owned properties. The City of Worcester had acquired title to 9 Watson Avenue pursuant to a judgment in a tax lien foreclosure proceeding. The "rights" that Eresian acquired from Mr. Maki in late 2001 was the right to file a motion to vacate the judgment issued by the Massachusetts Land Court which had foreclosed Mr. Maki's right to redeem the property from tax title. After acquiring Mr. Maki's "rights", Eresian filed a motion to intervene in the Land Court matter and also moved to vacate the judgment. Faced with the prospect of losing its considerable investment in the Watson Avenue Property, Hampton Properties also moved to intervene in the Land Court action. Eresian's claims in the Land Court action were meritless (and subsequently proved to be based on an affidavit Eresian drafted wherein Mr. Maki perjured himself). However, to ensure against any adverse result in the Land Court matter, Hampton Properties acquired the $500,000.00 Judgment from Mr. Koza in 2002. A copy of the Assignment of Judgment signed by Mr. Koza is attached hereto as Exhibit 2. Armed with the $500,000.00 Judgment, Hampton Properties initiated a "reach and apply" action with the Worcester Superior Court, styled *Hampton Properties, LLC v. Eresian* Civil Action Number 02-1148C (the "Reach and Apply Action"). Therein, Hampton Properties requested that Eresian's interest in the Watson Avenue Property be reached (i.e. taken) and applied to the

$500,000.00 Judgment. Hampton Properties, LLC filed a motion for summary judgment in the Reach and Apply Action with respect to two of the four counts, including the count which related to the Watson Avenue Property. Consistent with his dilatory litigation style, Eresian did not timely file a direct response to the summary judgment motion. Rather, he filed a cross-motion for an enlargement of time to conduct discovery. For the Court's reference, a copy of said motion is attached is attached hereto as Exhibit 3. As the Court will note, the discovery which Eresian wished to take related solely to the efficacy of the assignment of the $500,000.00 Judgment in light of Mr. Koza's 1993 Bankruptcy filing. Hampton Properties' motion for summary judgment was allowed by Superior Court Judge Fecteau pursuant to brief written decision dated November 26, 2002, a copy of which is attached hereto as Exhibit 4. As the Court will note, the primary issue addressed by Judge Fecteau in his decision was Eresian's claims that the assignment of the $500,000.00 Judgment to Hampton Properties was invalid due to Mr. Koza's Bankruptcy filing. Thereafter, final judgments were entered in Hampton Properties' favor with respect to Counts I and IV. (copies attached hereto as collectively, Exhibits 5 and 6).[1] Eresian filed a notice of appeal of the final judgments, but his appeal was

---

[1] Neither Eresian nor the "new defendants" who filed the notice of removal are able to contest the efficacy of the assignment by Koza to Hampton Properties of the $500,000.00 Judgment. (Eresian is barred by principles of res judicata and/or collateral estoppel, and the "new defendants' lack standing). Nonetheless, as Eresian's argument may be summarily addressed, Hampton Properties will do.
   At the hearing on the summary judgment motion (and in subsequent venues), Eresian claimed that Mr. Koza's Bankruptcy case had not been properly closed because the Trustee's Report of No Distribution on file in that matter had not been signed by the Chapter 7 Trustee who had been appointed in the case. Eresian argued that the party who signed the Report of No Distribution "lacked the statutory authority to do so" and therefore, the case remained open and Mr. Koza lacked the right to assign the $500,000.00 Judgment, which was property of his Bankruptcy estate. The insurmountable legal impediment that Eresian cannot ever overcome on this issue is the fact that United States Bankruptcy Judge James F. Queenan Jr., issued an order discharging the trustee and closing Mr. Koza's case. For the Court's reference, a copy of said order is attached hereto as Exhibit 7. The closure of Mr. Koza's case re-vested the $500,000.00 Judgment with Mr. Koza and the assignment to Hampton Properties was therefore valid. See 11 U.S.C. Section 554(c). That is, it was Judge Queenan's order closing the case that validates the assignment from Koza to Hampton Properties and the only possible way for Eresian to alter this fact (if any), would be to file a motion for relief from the order closing the case. See Rule 60(b). Despite threatening to do so, Eresian has never filed such a motion. (He is a known commodity in the Bankruptcy Court and he owed Mr. Koza $500,000.00 +, so his reception in Bankrputcy Court would be lukewarm at best) The foregoing is the sum total of the Bankruptcy law "Federal Question" which Eresian claims justifies removal. That is, there is no Federal Question to be adjudicated.

eventually dismissed when he failed to submit a brief. The judgment in favor of Hampton Properties in the Reach and Apply action is final.

## DEVELOPMENTS IN THIS CASE FROM 2002 FORWARD

After taking an assignment of the $500,000.00 Judgment from Mr. Koza, Hampton Properties moved to substitute itself for Mr. Koza in the Collection Case, in order to become a necessary party to any efforts by Mr. Eresian to escape from the $500,000.00 Judgment. That motion was allowed and Hampton Properties is now the named Plaintiff in the Collection Case. Primarily in an attempt to stem the flow of meritless and vexatious pleadings which Eresian was filing in the Reach and Apply Action and the Land Court matter, Hampton Properties commenced collection efforts with respect to the $500,000.00 Judgment. In July of 2003, pursuant to Massachusetts Rule of Civil Procedure 69, Hampton Properties caused a subpoena to be served on Eresian compelling him to appear for examination and produce documents related to his finances. Eresian did not seek a protective order but simply defied the subpoena. Thereafter, on September 30, 2003 Hampton Properties obtained an order from the Worcester Superior Court in the Collection Case directing Mr. Eresian to appear for examination and produce documents. Eresian defied this direct order without any legitimate excuse of any kind. In November of 2003, Hampton Properties filed in the Collection Case a verified motion to hold Eresian in contempt for his defiance of the order to appear. A contempt summons was issued for a December 2003 contempt trial ancillary to the Collection Case but Eresian evaded in hand service and the trial did not proceed. Hampton Properties let this matter lie dormant for a period, until Eresian filed pleadings in the Reach and Apply Action which were objectively and conspicuously filed solely to waste the time and money of Hampton Properties. In response, Hampton Properties filed a motion in the Collection Case to reschedule the contempt trial and authorize service by an alternative means rather than in-hand. Pursuant to Superior Court

procedure, Eresian's reply to said motion was due on or about May 10th. On that date, Attorney Adrian Gaucher, Jr. filed a notice of appearance and an answer and counterclaims of alleged defendants Evelyn Eresian, Melanie Eresian and Eva Marie Eresian (collectively, the "New Defendants"). Copies of the notice of appearance and answer with counterclaims is attached hereto as Exhibits ____ and ____, respectively. The New Defendants are the mother and sisters of Eresian.

As Hampton Properties was gearing up to respond to this patently frivolous filing, the Worcester Superior Court Clerk's Office (correctly) returned these pleadings to Mr. Gaucher because the New Defendants were not parties to the action. In response to the return of his pleadings by the Clerk's Office, on June 2, 2004 Mr. Gaucher (Eresian?) wrote a five page letter to the Clerk of Courts and enclosed various documents. A copy of the entire package sent with the June 2nd letter is attached hereto as Exhibit ____. The ostensible purpose of the June 2nd letter was to convince the Clerk of Worcester Superior Court that the answer and counterclaims of the New Defendants should be accepted for filing. A review of the letter confirms that the sole purpose of the filings was delay and obfuscation.

In his letter to the Clerk, Attorney Gaucher claims that (i) Mr. Koza filed an amended complaint which named the New Defendants as additional parties, (ii) that the New Defendants *were never served* with the amended complaint, and that (iii) the New Defendants did not consent to a stipulation of dismissal which resolved all claims that were asserted against them in the amended complaint. Therefore, the argument goes, the case was never closed with respect to the New Defendants and their answer and counterclaims should therefore be accepted. That is, almost fourteen years after any mention of them in the Collection Case and without any party seeking to assert claims against them, the New Defendants felt compelled to *sua sponte* file an answer to a complaint that nobody was prosecuting against them. Their alleged right to do so

5

derives from their claim that a stipulation of dismissal which removed them from the case and which provided nothing but benefits for them, was somehow not authorized by them and should be disregarded. The absurdity of the foregoing scenario proves beyond question that the answer and counterclaims were filed solely to waste the time of Hampton Properties and the various courts where such claims would be advanced. The answer of the New Defendants could be ignored by Hampton Properties without risk. However, in the counterclaims submitted with their answer, the New Defendants seek a declaratory judgment that the $500,000.00 Judgment *against Eresian* is void based on the same "unclosed Bankruptcy case" craziness advanced by Eresian and soundly rejected by a final judgment in the Reach and Apply Case.

On June 22, 2004 Mr. Gaucher filed a notice of removal of the Collection Case to this Court. In the notice of removal, Mr. Gaucher claims that the case involves a Federal Question. Per footnote 4 of the notice of removal, the specific Federal Question at issue, is the validity of the assignment of the $500,000.00 Judgment to Hampton Properties in light of Mr. Koza's *1993* Bankruptcy.

A trial of the contempt matter in the Collection Case had been scheduled for June 28th but did not go forward due to the filing of the notice of removal. At the risk of stating the obvious, delaying the contempt trial was Eresian's primary motivation in orchestrating the removal of the Collection Case. Clearly, running from a contempt trial is not a valid basis to remove a fifteen year old case to Federal Court.

## REMOVAL WAS IMPROPER

The jurisdiction of a Federal District Court over removed state court actions is limited to those actions over which the Federal Court would have had jurisdiction if the case was originally filed there. *See, e.g. BIW Deceived v. Local S6*, 132 F32d 824, 830 (1st Cir. 1997). As all of the parties to the Collection Case are residents of Massachusetts, the only possible basis for

6

jurisdiction in this Court would be the existence of a Federal question. *See e.g. Pampillonia v. RJR Nabisco, Inc.*, 138 Fed 459 (2nd Cir. 1998)(complete diversity required for diversity jurisdiction).

The existence of a Federal question is determined by the Plaintiff's complaint, the Defendants' putative defenses are not considered. *Franchise Tax Board V. Construction Laborer's Trust for Southern California*, 463 U.S. 1, 103, S.Ct. 2840 (1983). *See also Viqueira v. First Bank*, 140 F.3d 12, 17 (1st Cir. 1998)(..."the well pleaded complaint rule restricts the exercise of federal question jurisdiction to instances in which a federal claim is made manifest within the four corners of the plaintiff's complaint"). Further, "[i]n virtually every situation, federal jurisdiction is determined at the time suit is brought." *Id.*, 140 F.3d at 18, *citing Freeport-McMoRan, Inc. v. K N Energy, Inc.* 498 U.S. 426, 111 S.Ct. 858 (1991). Finally, the party asserting that the Federal Court has jurisdiction has the burden of proof on the issue of the propriety of removal jurisdiction. *See. e.g Mass. School of Law at Andover v. American Bar*, 142 F.3d 26, 33 (1st Cir. 1998).

As an initial matter, there was not really any pending matter to be removed, the Collection Case had been resolved in 1990 by an agreement for judgment and a stipulation of dismissal. The only activity in this case at the time of removal was post-judgment collection efforts. However, even assuming that the New Defendant's spontaneous yet belated "answer" to the previously-dismissed complaint against them somehow restarted the Collection Case with respect to them, only state law issues are presented by the complaint to which they "answered". Accordingly, there is no federal question to be resolved and removal was improper. The "counterclaim" filed by the New Defendants wherein the only relief they seek is the invalidation of the $500,000.00 Judgment against Eresian, is simply not considered for purposes of removal jurisdiction. *Franchise Tax Board V. Construction Laborer's Trust for Southern California,*

*supra.* Hampton Properties would also point out that the verified complaint which referenced the New Defendants was filed approximately three years before Mr. Koza filed his Bankruptcy petition. As removal jurisdiction is determined as of the date the complaint was filed, nothing that happened in Mr. Koza's Bankruptcy case is evenly remotely relevant to a determination of a federal question for removal purposes. *Viqueira v. First Bank, supra.* There is no basis for removal jurisdiction and this case should be remanded to the Worcester Superior Court.

Although removal jurisdiction does not exist for whatever dispute remains alive among the parties (if any), Hampton Properties will summarily demonstrate that the New Defendants are not entitled to any of the relief they seek and there is no point clogging this Court's docket with this case. First of all, in order to proceed, the New Defendants would need to prove that the stipulation of dismissal which removed them from this case on the same day that the verified complaint against them was filed, was somehow not authorized by them. If they are successful in that quixotic endeavor, the only matters which would become ripe for adjudication are those issues which involve the New Defendants. The claims against Eresian were resolved years ago and the New Defendants simply lack standing to contest the validity of the $500,000.00 Judgment vis-a-vis Eresian. No matter what they do, the New Defendants have no hope of invalidating the $500,000.00 Judgment and this is obviously the only purposes for which Eresian orchestrated their spontaneous answer and counterclaims.[2]

Further, Eresian, who graciously (and needlessly) assented to the removal, is barred by principles of res judicata and/or collateral estoppel from contesting either the validity of the $500,00.00 Judgment or Hampton Properties status as holder thereof because these very issues

---

[2] The undersigned questions whether Eresian has even advised the New Defendants that he is attempting to re-involve them in this case. (The undersigned believes that it is likely that Eresian drafted the Notice of Removal and filed same after signing Attorney Gaucher's name.) The Notice of Removal is strikingly similar to a notice of removal Eresian (improperly) filed in May with respect to a pending state court supplementary process action. Compare the notice of removal in this case with the same pleading filed by Eresian in United States District Court for the District of Massachusetts Civil Action Number 04-40087-NMG, copy attached as Exhibit 11.

were litigated previously between the same parties in the Reach and Apply Action.. *Stoehr v. Mohammed*, 244 F.3d 206 (1st Cir. 2001). As an additional impediment, Eresian's attempt to have this Court invalidate the $500,000.00 Judgment violates the *Rooker-Feldman* doctrine that lower Federal Courts do not act as appellate tribunals for state court decisions.

Hampton Properties believes that the foregoing demonstrates beyond any rational debate that this case should be remanded. However, it is also respectfully submitted that a simple remand is not enough. Eresian is a law school graduate who has been involved in scores of disparate litigation matters over the last twenty plus years and he frequently appears pro se.[3] His pleadings are reasonably well written and researched. It is simply inconceivable that Eresian (and/or Attorney Gaucher) did not <u>know</u> that the removal of the Collection Case was frivolous. The fact that the notice of removal was filed on the eve of a trial for contempt proceeding under this same docket number only confirms this conclusion. The removal was intended for no other purpose than to waste the time and money of Hampton Properties and to delay the inevitable

---

[3] The undersigned is convinced to a moral certainty that Eresian drafted the notice of removal as well as the answer and counterclaims and letter to the Superior Court Clerk. The undersigned therefore refers to pleadings filed by Attorney Gaucher as actions taken by Eresian . In the interests of providing context to this matter, Hampton Properties will provide a sampling of some of the litigation in which Mr. Eresian has been involved over the years, with a synopsis of relevant events: (i) *Commonwealth v. Ara Eresian, Jr.* 389 Mass. 165, 449 N.E.2d 354 (Mass. 1983). In this action, Mr. Eresian was found in contempt for failure to obey orders issued by the Worcester Superior Court (but the appellate court held that Mr. Eresian was entitled to a jury trial). (ii) *In re Shelby T. Brayton,* Chapter 7 Case Number 98-40796, United States Bankruptcy Court for the District of Massachusetts. In this action, Mr. Eresian was found in contempt for his refusal to obey an order of the Bankruptcy Court and a contempt judgment in excess of $28,000.00 was entered against him. (iii) *In re Isabel Enterprises, Inc.* Chapter 7 Case Number 98-19449, United States Bankruptcy Court for the District of Massachusetts. In this action, Mr. Eresian was sanctioned in excess of $8,300.00 for filing a bad faith involuntary Bankruptcy Petition. (iv) *Quill v. Eresian* , Worcester Superior Court Civil Action Number 95-1981. In this action, Mr. Eresian was harassing successor owners who had purchased property he (or his family) previously owned but lost due to creditor problems. An order issued on November 3, 1998 in said action which confirmed that the Quills owned the relevant property. The order also forbid Mr. Eresian from filing any further litigation regarding title to the property and directing Mr. Eresian to provide the Board of Bar Examiners with a copy of the opinion if he applies for admission to the bar. A copy of said order is attached hereto as Exhibit 12. (v) *FDIC v. Eresian et al,* Worcester Superior Court Civil Action Number 91-0356. In this action, Mr. Eresian's third or fourth appeal was dismissed on June 19, 2002 due to his failure to prosecute the appeal. In this action, the proceeds of a foreclosure sale were held "hostage" by several years of frivolous litigation by Mr. Eresian. A final resolution did not occur until the case had been pending for *eleven* years. (vi) *Garg et al v. Wilson et al,* Worcester Superior Court Civil Action Number 2004-0775. In this action, Mr. Eresian is the driving force behind an attempted foreclosure of a mortgage given to secure a promissory note where the promissory note has been determined satisfied and/or void in two prior proceedings.

contempt trial. Hampton Properties submits that the notice of removal was so frivolous as to betray a lack of respect for this forum.

Under these circumstances, simple remand to the Worcester Superior Court is not enough. Hampton Properties submits that this Court has ample authority to sanction Attorney Gaucher for this frivolous pleading. See Rule 11 and 28 U.S.C. Section 1927. Additionally, Hampton Properties respectfully requests that any order directing that this matter be remanded also include a provision that the case is not to be removed again and that any attempted removal is void *ab initio*.

**WHEREFORE,** Hampton Properties requests this Court (i) remand this case to Worcester Superior Court, (ii) sanction attorney Adrian A. Gaucher pursuant to Rule 11 and/or 28 U.S.C. Section 1927 in an amount determined reasonable by the Court, (iii) enter an order forbidding the subsequent removal of this action from state court by any party, and (iv) grant Hampton Properties such other and further relief as the Court deems just

                                        HAMPTON PROPERTIES, LLC

                                        By its attorneys:

                                        Mark S. Foss, BBO #561369
                                        MacCarthy Pojani & Hurley
                                        446 Main Street
                                        Worcester, MA 01608
                                        Tel: (508) 798-2480
                                        Fax: (508) 797-9561

Dated: 7/6/04

## VERIFICATION

I, Mark S. Foss, make oath and say that the factual averments contained in the foregoing motion are true to the best of my knowledge, information, and belief. The copies submitted with this motion as exhibits are all true and complete. .

Signed under the pains and penalties of perjury this 6th day of July, 2004.

_____
Mark S. Foss

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL CASE NO. 04-11439-RWZ

| | |
|---|---|
| HAMPTON PROPERTIES, LLC, successor to FRED A. KOZA,<br>Plaintiff<br><br>vs.<br><br>ARA ERESIAN, JR., individually and as Trustee of the ERESIAN FAMILY TRUST NUMBER TWO, FOUR COURTLAND REALTY TRUST, NUMBER TEN BOURNE REALTY TRUST, NUMBER TWENTY GUILD REALTY TRUST, NUMBER TEN RIPLEY STREET TRUST, NUMBER TEN KING REALTY TRUST, and NUMBER FOURTEEN DUXBURY REALTY TRUST, and KING REALTY TRUST<br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## CERTIFICATE OF SERVICE

I, Mark S. Foss, hereby certify that I served a copy of the within Verified Motion of Hampton Properties, LLC to Remand by first-class mail, postage prepaid this 6th day of July, 2004 to the following parties:

Ara Eresian, Jr.
P.O. Box 499
Shrewsbury, Massachusetts 01545

Adrian A. Gaucher, Jr., Esq.
60 Hamilton Street
Southbridge, MA 01550-1808

_____
Mark S. Foss